UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 16-175

BRYSON TUESNO                                     SECTION: G

ORDER AND REASONS

Defendant Bryson Tuesno ("Tuesno") is a federal prisoner currently serving a term of 180 months and one day imprisonment following his conviction by a jury of one count of attempted bank robbery, one count of bank robbery, and two counts of brandishing a firearm during those crimes. Before the Court is Tuesno's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[1] In the motion to vacate, Tuesno raises the following claims: (1) the brandishing a firearm conviction related to the attempted bank robbery (Count 7) is no longer valid under the Supreme Court's holding in *United States v. Taylor*;[2] (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel.[3] The government opposes the motion arguing that the prosecutorial misconduct and ineffective assistance of counsel claims are untimely or, alternatively, meritless.[4] The government also asserts that *Taylor* does not invalidate the conviction on Count 7.[5] For the reasons discussed in detail below, the prosecutorial misconduct and

---

[1] Rec. Doc. 404. Tuesno is represented by retained counsel in this proceeding.

[2] 142 S. Ct. 2015 (2022).

[3] Rec. Doc. 404.

[4] Rec. Doc. 408.

[5] *Id.*

1

ineffective assistance of counsel claims are untimely. Additionally, Tuesno has not demonstrated that he is entitled to relief under *Taylor*. Therefore, considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion to vacate.

## I. Background

On August 16, 2016, a Criminal Complaint was filed against co-defendant Dwayne Winans ("Winans") in the Eastern District of Louisiana, alleging that he committed a bank robbery at a Fidelity Bank branch in New Orleans, Louisiana, on August 4, 2016.[6] On October 6, 2016, Winans was formally charged by a grand jury in the Eastern District of Louisiana with bank robbery in violation of 18 U.S.C. § 2113(a).[7] On January 26, 2017, Winans and Tuesno were charged by a Superseding Indictment.[8] On April 13, 2017, Winans and Tuesno were charged by a Second Superseding Indictment.[9]

In the Second Superseding Indictment, Tuesno was charged with one count of attempted bank robbery of a Regions Bank branch in New Orleans, Louisiana, on August 15, 2016, in violation of 18 U.S.C. § 2113(a) (Count Six), one count of bank robbery of a Gulf Coast Bank branch in Slidell, Louisiana, in violation of 18 U.S.C. § 2113(a) (Count Eight), two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) (Counts Seven and Nine), and one count of tampering with evidence in violation of 18 U.S.C. § 1512(c)(1) (Count Ten).[10]

---

[6] Rec. Doc. 1.

[7] Rec. Doc. 9.

[8] Rec. Doc. 23.

[9] Rec. Doc. 53.

[10] *Id.*

On January 3, 2018, the Court granted Winans' motion to sever Count One of the Second Superseding Indictment from the remaining counts.[11] On April 23, 2018, Winans and Tuesno proceeded to trial on Counts Two through Ten.[12] On April 26, 2018, the jury returned a verdict finding Tuesno guilty of Counts Six through Nine and not guilty of Count Ten.[13] On May 23, 2019, this Court sentenced Tuesno to a term of 180 months and one day imprisonment, followed by a three-year term of supervised release.[14] The term of imprisonment consists of a term of 12 months and one day as to each of Counts Six and Eight, to be served concurrently, and a term of 84 months imprisonment as to each of Counts Seven and Nine, to be served consecutively to each other and to the terms imposed on Counts Six and Eight.[15]

Tuesno filed a direct appeal to the United States Court of Appeals for the Fifth Circuit.[16] On appeal, Tuesno argued that the evidence was insufficient to support his conviction and that the government impermissibly called his girlfriend, Sabrina Gabriel ("Gabriel"), as a hostile witness to impeach her with her prior statements to investigating Agent Plummer.[17] The Fifth Circuit found that "[w]hen the circumstantial evidence is viewed in the light most favorable to the prosecution, it was sufficient for reasonable jurors to find that Tuesno was one of the two men who attempted to rob the

---

[11] Rec. Doc. 143.

[12] Rec. Doc. 199.

[13] Rec. Doc. 204. The jury found Winans guilty of Counts Two through Nine and not guilty of Count Ten.

[14] Rec. Doc. 331.

[15] *Id.*

[16] Rec. Doc. 332.

[17] *United States v. Winans*, 838 F. App'x 908 (5th Cir. 2021).

Regions Bank and who robbed the Gulf Coast Bank on August 15, 2016."[18] The Fifth Circuit found the claim regarding Gabriel meritless because there was "no support in the record for the contention that the Government's 'primary purpose' in calling Gabriel was to impeach her."[19] The United States Supreme Court denied Tuesno's petition for certiorari on October 4, 2021.[20]

On October 31, 2022, Tuesno, through newly retained counsel, filed the instant motion to vacate his conviction under 28 U.S.C. § 2255.[21] On November 29, 2022, the government filed an opposition to the motion to vacate.[22] On January 31, 2023, Tuesno filed a reply brief in further support of the motion.[23]

## II. Parties' Arguments

### A.     Tuesno's Arguments in Support of the Motion to Vacate

In the motion to vacate, Tuesno raises the following claims: (1) the brandishing a firearm conviction related to the attempted bank robbery (Count 7) is no longer valid under the Supreme Court's holding in *United States v. Taylor*;[24] (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel.[25] As an initial matter, Tuesno asserts that the motion is timely.[26] He notes

---

[18] *Id.* at 909.

[19] *Id.*

[20] *Tuesno v. United States*, 142 S.Ct. 305 (2021).

[21] Rec. Doc. 404.

[22] Rec. Doc. 408.

[23] Rec. Doc. 414.

[24] 142 S. Ct. 2015 (2022).

[25] Rec. Doc. 404.

[26] Rec. Doc. 404-1 at 19.

that the United States Supreme Court denied his petition for certiorari on October 6, 2021, and any petition for rehearing was due 25 days following entry of the judgment.[27] Therefore, Tuesno argues that the instant motion is timely because it was filed within one year of the expiration of the period for seeking discretionary review.[28]

Turning to the merits of his claims, Tuesno first argues that his conviction for use of a firearm in connection with the attempted bank robbery of Regions Bank (Count 7) is no longer valid.[29] Tuesno contends that in 2022 the Supreme Court held that "attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because no element of the offense requires the government to prove that the defendant used, attempted to use, or threatened to use force."[30] For this same reason, Tuesno argues that his conviction on Count 7 is invalid.[31] Therefore, Tuesno argues that the Judgment should be amended to remove the 84-month consecutive sentence imposed as to Count 7.[32]

Second, Tuesno argues that "[t]he improper behavior of the prosecutorial team throughout the proceedings was so severe as to undermine the reliability of the verdicts against [] Tuesno."[33] Tuesno recounts the government's handling of witness Thaddeus Beaulieu ("Beaulieu") who was granted immunity but nevertheless invoked his Fifth Amendment privilege and refused to testify during

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 21.

[30] *Id.* at 22 (citing *Taylor*, at 142 S.Ct. at 2019).

[31] *Id.*

[32] *Id.*

[33] *Id.* at 23.

Tuesno's trial.[34] A jury later found Beaulieu guilty of felony criminal contempt for his refusal to testify, and the Fifth Circuit vacated Beaulieu's conviction because of improper arguments made during Beaulieu's trial by one of the same Assistant United States Attorneys who prosecuted Tuesno.[35] Tuesno argues that "[t]he mistreatment of [] Beaulieu and his attorney during [] Tuesno's [trial] necessitates a re-examination of the impropriety of the [g]overnment's treatment of [] Gabriel."[36] Tuesno requests additional time to further develop this claim.[37]

Third, Tuesno argues that his "[t]rial counsel's failure to object to any of the prosecutions improper statements or to move for a mistrial amounted to a total deprivation of counsel within the meaning of the Sixth Amendment."[38] Tuesno asserts that his appointed counsel, Robert Jenkins, failed to make any meaningful effort to defend Tuesno before or during trial.[39] Tuesno contends that Jenkins should have moved to sever his and Winans' trials, and the failure to do so was "so overwhelmingly prejudicial as to render the verdicts rendered by the jury entirely unreliable."[40] Tuesno also argues that Jenkins repeatedly failed to object to the government's leading of its own witnesses.[41] Tuesno identifies three instances where he claims the government asked leading questions to establish that the second Regions Bank robber, who the government alleged was Tuesno, was armed during that

---

[34] *Id.* at 24–25.

[35] *Id.* at 26 (citing *United States v. Beaulieu*, 973 F.3d 354, 359, 360–62 (5th Cir. 2020)).

[36] *Id.*

[37] *Id.* at 28.

[38] *Id.*

[39] *Id.* at 29.

[40] *Id.*

[41] *Id.* at 32.

robbery.[42] Tuesno also argues that Jenkins failed to subject the government's witnesses to meaningful cross-examination or present a defense.[43] Finally, Tuesno argues that Jenkins' failure to ask for a mistrial following the introduction of the inadmissible out-of-court statement of Gabriel and/or Beaulieu's invocation of the Fifth Amendment in front of the jury was objectively unreasonable according to prevailing professional norms.[44]

### B.    The Government's Arguments in Opposition to the Motion to Vacate

The government opposes Tuesno's motion.[45] First, the government argues that the prosecutorial misconduct and ineffective assistance of counsel claims are untimely.[46] The government asserts that Tuesno had one year from the Supreme Court's denial of the petition for certiorari to file a Section 2255 motion.[47] The government submits that the Fifth Circuit has rejected Tuesno's argument that his conviction did not become final until the 25-day period to file for rehearing in the Supreme Court expired.[48] Therefore, the government argues that these claims should be dismissed.[49]

Next, the government asserts that *Taylor* does not invalidate the conviction on Count 7.[50] The government concedes that this claim would be timely if *Taylor* disqualified attempted bank robbery

---

[42] *Id.* at 32–33.

[43] *Id.* at 33.

[44] *Id.* at 36.

[45] Rec. Doc. 408.

[46] *Id.* at 3.

[47] *Id.*

[48] *Id.* at 4 (citing *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000)).

[49] *Id.*

[50] *Id.*

as a crime of violence, because it was filed within one year of *Taylor*.[51] Nevertheless, the government submits that *Taylor* did not disqualify attempted bank robbery as a crime of violence.[52] The government argues that the Fifth Circuit has held that that the plain language of the bank robbery statute requires actual violence or actual intimidation to prove attempted bank robbery.[53] Because attempt for purposes of § 2113(a) "only relates to the taking, not to the intimidation," and because "the statute requires more than attempted intimidation for conviction," the government submits that attempted bank robbery remains a crime of violence and a valid § 924(c) predicate post-*Taylor*.[54]

As an alternative to the argument that the prosecutorial misconduct claim is untimely, the government submits that the claim is also procedurally barred and meritless.[55] According to the government, any claim that the government committed misconduct by attempting to call Beaulieu as a witness is procedurally barred because it should have been brought on direct appeal.[56] To the extent Tuesno claims the government committed misconduct by calling Gabriel, the government notes that claim was brought on direct appeal and denied on the merits.[57] The government contends that "[t]he improper arguments of one AUSA during Beaulieu's trial cast no doubt upon a different AUSA's representation to this Court during Tuesno's trial that the government did not call Gabriel intending

---

[51] *Id.* at 4–5.

[52] *Id.* at 5.

[53] *Id.* (citing *United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004)).

[54] *Id.* at 6 (quoting *Bellew*, 369 F.3d at 454, 456).

[55] *Id.*

[56] *Id.* at 7.

[57] *Id.*

to impeach her."[58] Moreover, the government contends that Tuesno does not explain how any alleged prosecutorial misconduct affected the verdict.[59] The government argues that Tuesno's conviction was not dependent on the admission of Gabriel's testimony or statements to the FBI connecting Tuesno to the maroon Monte Carlo.[60] Finally, the government submits that Gabriel's statements were also properly admitted as excited utterances or non-hearsay statements of identification.[61]

As an alternative to the argument that the ineffective assistance of counsel claim is untimely, the government submits that the claim is also meritless.[62] The government submits that Jenkins was not ineffective for failing to move to sever Tuesno's trial, because this choice was not unreasonable and the Court would not have been bound to grant the motion.[63] Additionally, the government contends that Tuesno cannot show prejudice, because even if the cases had been severed evidence regarding the carjackings likely would have been presented because Tuesno and Winans were accused of committing the bank robberies with a vehicle Winans stole.[64] The government argues that Jenkins was not ineffective for failing to object to purportedly leading questions establishing that the second Regions Bank robber had a gun.[65] The government submits that a reasonable attorney could have

---

[58] *Id.* at 8–9.

[59] *Id.* at 9.

[60] *Id.*

[61] *Id.*

[62] *Id.*

[63] *Id.* at 10–11.

[64] *Id.* at 11.

[65] *Id.*

considered the questions nonleading.[66] Additionally, the government argues Tuesno cannot establish a reasonable probability that, had the government been forced to ask the questions in a clearly nonleading manner, the government would not have established the second Regions Bank robber was armed.[67] According to the government, Tuesno's argument that Jenkins did not subject the government's witnesses to meaningful cross-examination or present a defense is conclusory and Tuesno has not identified any actions of counsel that established a reasonable probability of a different outcome.[68] Finally, the government contends that counsel was not ineffective for failing to request a mistrial because an attorney is not required to seek a mistrial based upon a witness's invocation of the Fifth Amendment before the jury and because Gabriel's out-of-court statements were properly admitted.[69] For these reasons, the government contends that the motion should be denied without additional discovery or an evidentiary hearing.[70]

## C.   *Tuesno's Arguments in Further Support of the Motion to Vacate*

In the reply brief, Tuesno asserts that counsel first submitted the motion to vacate to the Clerk of Court on October 28, 2022, and the Clerk of Court asked that the filing be resubmitted under a different case type.[71] Therefore, Tuesno argues that October 28, 2022, should be considered the date of filing.[72] Tuesno repeats his argument that the instant motion is timely because it was filed within

---

[66] *Id.*

[67] *Id.* at 12.

[68] *Id.* at 13.

[69] *Id.* at 14–15.

[70] *Id.* at 15.

[71] Rec. Doc. 414 at 2.

[72] *Id.*

one year of the expiration of the period for seeking discretionary review.[73]

Tuesno also repeats his prior argument that the Supreme Court's decision in *Taylor* invalidates his conviction on Count 7.[74] Tuesno argues that no part of the jury instructions required the jury to find that Tuesno actually used, attempted to use, or threatened to use force with respect to the attempted armed robbery.[75] Tuesno submits that this is precisely why the Supreme Court ruled that attempted Hobbs Act robbery could not be considered a crime of violence under Section 924(c).[76]

### III. Standard of Review

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack."[77] "The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."[78] Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[79]

An evidentiary hearing must be held unless "the motion and the files and records of the case

---

[73] *Id.* (citing *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003)).

[74] *Id.* at 3.

[75] *Id.*

[76] *Id.* at 4.

[77] 28 U.S.C. § 2255(a)

[78] *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[79] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

conclusively show that the prisoner is entitled to no relief,"[80] or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations."[81] The prisoner must establish his claims by a preponderance of the evidence.[82] If the Court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[83]

## IV. Law and Analysis

### A.     Timeliness

28 U.S.C. § 2255(f) requires that all Section 2255 motions must be filed within one year of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

In the motion to vacate, Tuesno raises the following claims: (1) the brandishing a firearm conviction related to the attempted bank robbery (Count 7) is no longer valid under the Supreme

---

[80] 28 U.S.C. § 2255(b).

[81] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see also United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) ("If the record is clearly adequate to dispose of the allegations, the court need inquire no further.").

[82] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

[83] 28 U.S.C. § 2255(b).

Court's holding in *United States v. Taylor*; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel.[84] The statute of limitations is applied on a claim-by-claim basis, not to the Section 2255 motion as a whole.[85] The government concedes that Tuesno's first claim would be timely under Section 2255(f)(3) if *Taylor* disqualified attempted bank robbery as a crime of violence, because it was filed within one year of *Taylor*.[86]

The government argues that Tuesno's prosecutorial misconduct and ineffective assistance of counsel claims are untimely because they were filed more than one year after Tuesno's conviction became final.[87] Tuesno responds that his counsel first submitted the motion to vacate to the Clerk of Court on October 28, 2022, and the Clerk of Court asked that the filing be resubmitted under a different case type.[88] Therefore, Tuesno argues that October 28, 2022, not October 31, 2022, should be considered the date of filing.[89] Tuesno had one year to bring these claims from the date that his conviction became final. A conviction becomes final and the one-year limitations period to file a Section 2255 motion begins to run upon the issuance of an order denying certiorari by the United

---

[84] Rec. Doc. 404.

[85] *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) ("The Fifth Circuit has not decided whether 28 U.S.C. § 2244(d)(1) applies piecemeal to each claim or to the whole habeas application. Though we do not decide that issue today, it appears that applying the statute of limitations to each claim is consistent with AEDPA and the precedent of other circuits."). *See also Zack v. Tucker*, 704 F.3d 917, 9216 (11th Cir. 2013) (en banc) (holding that the statute of limitations in AEDPA applies on a claim-by-claim basis in a multiple trigger date case); *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014) (holding that the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis).

[86] Rec. Doc. 408 at 4–5. *See Welch v. United States*, 578 U.S. 120, 134–35 (decision narrowing the "class of persons that the law punishes" applied retroactively).

[87] *Id.* at 3–4.

[88] Rec. Doc. 414 at 2.

[89] *Id.*

States Supreme Court.[90] The Supreme Court denied Tuesno's petition for certiorari on October 4, 2021. Therefore, regardless of whether October 28, 2022 or October 31, 2022 is considered the date of filing, the prosecutorial misconduct and ineffective assistance of counsel claims are untimely.

Tuesno argues that the motion is timely because his judgment did not become final until November 1, 2021, when the 25-day period for filing a petition for rehearing of the Supreme Court's denial of certiorari review expired. In support of this argument, Tuesno cites *Roberts v. Cockrell*, where the Fifth Circuit held that a state conviction became final when the 30-day period for seeking discretionary review in state court ended.[91] Tuesno's reliance on *Roberts* is misplaced as it decided when a state conviction becomes final for purposes of filing a Section 2254 habeas petition.

The Fifth Circuit has rejected the argument Tuesno makes here regarding the finality of a federal conviction. In *United States v. Thomas*, the Fifth Circuit held that a federal conviction becomes final upon the issuance of an order denying certiorari by the United States Supreme Court.[92] The Fifth Circuit rejected an argument that a federal conviction does not become final until the 25 day period for filing a petition for rehearing of the denial of certiorari because "[t]he plain text of Supreme Court Rule 16.3 provides that an order denying certiorari review takes legal effect and is

---

[90] *United States v. Thomas*, 203 F.3d 350, 356 (5th Cir. 2000) ("[W]hen a federal criminal defendant files a timely petition for writ of certiorari review on direct appeal and that petition is subsequently denied by the Supreme Court, the federal judgment of conviction becomes final for purposes of the one year limitation period set forth in § 2255(1) on the date that the Supreme Court denies the defendant's petition for writ of certiorari on direct review."). *See also Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."); *United States v. Williams*, 492 F. App'x 486, 487 (5th Cir. 2012) ("Williams's conviction became final on October 5, 2009, the date on which the Supreme Court denied his petition for a writ of certiorari.").

[91] *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

[92] *Thomas*, 203 F.3d at 356.

not suspended pending any application for rehearing."[93]

Because this one-year limitation period is not jurisdictional, it may be subject to equitable tolling.[94] "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[95] Equitable tolling "is permitted only 'in rare and exceptional circumstances.'"[96] A petitioner bears the burden of establishing entitlement to equitable tolling, and must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion."[97]

Tuesno does not present any argument regarding equitable tolling. Moreover, any argument that Tuesno is entitled to equitable tolling due to his attorney's error in calculating the limitations period is foreclosed by Fifth Circuit precedent.[98] Accordingly, the Court concludes that the procedural

---

[93] *Id.*

[94] *See United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citing *United States v. Wynn*, 292 F.2d 226, 230 (5th Cir. 2002)).

[95] *Id.* (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)).

[96] *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[97] *Id.* at 365 (quoting *Lawrence v. Florida*, 549 U.S. 328 (2007)).

[98] Alternatively, the Court agrees with the government that the prosecutorial misconduct claim is procedurally barred and meritless. "Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994). A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). Any claim that the government committed misconduct by attempting to call Beaulieu as a witness is procedurally barred because it should have been brought on direct appeal. To the extent Tuesno claims the government committed misconduct by calling Gabriel, this claim was brought on direct appeal and denied on the merits. Therefore, these claims are procedurally barred, and Tuesno has not demonstrated cause for his procedural default or actual prejudice resulting from the error. The prosecutorial misconduct claim is meritless. Tuesno has not demonstrated that the improper arguments of one AUSA during Beaulieu's trial cast any doubt upon a different AUSA's representation to this Court during Tuesno's trial that the government did not call Gabriel intending to impeach her. Additionally, Tuesno has not shown that any alleged prosecutorial misconduct affected the verdict, as other evidence, independent of Gabriel's testimony, connected Tuesno to the Monte Carlo.

The Court also agrees with the government that the ineffective assistance of counsel claim is meritless. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that his counsel's performance

misconduct and ineffective assistance of counsel claims are untimely because they were filed more than one year after Tuesno's conviction became final.[99]

## B.    Count 7

Tuesno argues that his conviction on Count 7 is invalid in light of the Supreme Court's holding in *United States v. Taylor*.[100] With respect to Count 7, Tuesno was convicted of brandishing a firearm during and in relation to the attempted bank robbery of Regions Bank. Section 924(c)(1) sets forth penalties for anyone who uses or carries a firearm "during and in relation to" a crime of violence, with heightened penalties when, as here, the firearm was brandished.[101] A crime of violence under Section 924(c) is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."[102] In analyzing whether a crime is a "crime

---

was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Tuesno has not demonstrated that Jenkins was ineffective for failing to move to sever Tuesno's trial, because this strategic choice was not unreasonable. Additionally, Tuesno cannot show prejudice. Even if the cases had been severed, evidence regarding the carjackings likely would have been presented because Tuesno and Winans were accused of committing the bank robberies with a vehicle Winans stole. Tuesno has not shown that Jenkins was ineffective for failing to object to purportedly leading questions establishing that the second Regions Bank robber had a gun. A reasonable attorney could have considered the questions nonleading. Additionally, Tuesno cannot establish a reasonable probability that, had the government been forced to ask the questions in a clearly nonleading manner, the government would not have established that the second Regions Bank robber was armed. Tuesno's argument that Jenkins did not subject the government's witnesses to meaningful cross-examination or present a defense is conclusory, and Tuesno has not established a reasonable probability of a different outcome had Jenkins taken some alternative action. Finally, Tuesno has not demonstrated that Jenkins was ineffective for failing to request a mistrial because an attorney is not required to seek a mistrial based upon a witness's invocation of the Fifth Amendment before the jury and because Gabriel's out-of-court statements were properly admitted.

[99] *See United States v. Cardenas*, 13 F.4th 380 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 931 (2022) (holding that counsel's mistaken belief that petition for rehearing on denial of certiorari before the Supreme Court tolled the limitations period was not intentional deception and did not warrant equitable tolling).

[100] Rec. Doc. 404.

[101] 18 U.S.C. § 924(c)(1)(A).

[102] *Id.* at § 924(c)(3)(A). Subpart (B) of that subsection, which refers to an offense "that by its nature, involves a substantial risk that physical force against the person or property of another" was declared to be unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019).

of violence," courts must apply the "categorical approach."[103] Under this approach, courts analyze the elements of the predicate offense, rather than the facts of a particular case, "and compare those elements to the elements of the 'generic' crime—i.e., the offense as commonly understood."[104] This analysis precludes "any inquiry into how any particular defendant may commit the crime."[105]

      In *United States v. Justin Taylor*, the Supreme Court considered whether a conviction for attempted Hobbs Act robbery constitutes a "crime of violence" under Section 924(c).[106] The Supreme Court explained that "[t]o determine whether a federal felony may serve as a predicate for a conviction and sentence under the elements clause . . . [t]he only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force."[107] Hobbs Act robbery is "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property. . . ."[108] Attempted Hobbs Act robbery requires the government to prove that: "(1) [t]he defendant intended to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a 'substantial step' toward that end."[109] The Supreme Court reasoned that the "substantial step" need not involve the use, attempted use, or threatened use of

---

[103] *United States v. Smith*, 957 F.3d 590, 592–93 (5th Cir. 2020).

[104] *Id.* (quoting *Descamps v. United States*, 570 U.S. 254, 257 (2013)).

[105] *Taylor*, 142 S.Ct. at 2020.

[106] *Id.* at 2018.

[107] *Id.* at 2020.

[108] 18 U.S.C. § 1951(b)(1).

[109] *Taylor*, 142 S.Ct. at 2020.

force.[110] Therefore, the Supreme Court held that attempted Hobbs Act robbery does not constitute a Section 924(c) crime of violence.[111]

In *United States v. Bellew*, a decision pre-dating the Supreme Court's opinion in *Justin Taylor*, the Fifth Circuit analyzed the text of the first paragraph of Section 2113(a) to determine the elements of attempted bank robbery.[112] The first paragraph of Section 2113(a) punishes "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another. . . money . . . belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association." The Fifth Circuit noted that two other circuits have held that an attempt to intimidate was sufficient for a conviction.[113] However, the Fifth Circuit rejected this interpretation, and pointed out that those circuits failed to analyze the text of the statute.[114] The Fifth Circuit found that "the most natural reading of the text" of the statute requires an "actual act of intimidation."[115] Therefore, the Fifth Circuit held that "a defendant must actually commit an act of intimidation while wrongfully taking or attempting to take money from the presence of a person at a bank. That is, the attempt only relates to the taking, not the intimidation."[116] Applying these principles, the Fifth Circuit has held that attempted bank robbery constitutes a crime of violence

---

[110] *Id.* at 2020–21.

[111] *Id.* at 2021.

[112] *Bellew*, 369 F.3d at 453–54..

[113] *Id.* at 454, 456 (citing *United States v. Jackson*, 560 F.2d 112, 116 (2d Cir. 1977); *United States v. McFadden*, 739 F.2d 149, 152 (4th Cir. 1984)).

[114] *Id.*

[115] *Id.* at 454.

[116] *Id. See also see also United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008) ("Accordingly, actual force and violence or intimidation is required for a conviction" of attempted bank robbery).

as defined in Section 924(c)(3)(A) because even its least culpable form "must involve at least an implicit threat to use force."[117]

Following the Supreme Court's decision in *Justin Taylor*, the Fifth Circuit considered whether attempted bank robbery remains a "crime of violence" under Section 924(c)'s elements clause in *United States v. Blake Taylor*.[118] The Fifth Circuit distinguished attempted bank robbery from attempted Hobbs Act robbery, noting that while some attempt offenses are defined similarly to attempted Hobbs Act robbery, "attempted bank robbery is not one of them."[119] Instead, the Fifth Circuit found that Section 2113(a) defines attempted bank robbery as an offense that necessarily involves the actual use of force or intimidation.[120] Therefore, the Fifth Circuit concluded that Section 2113(a) remains a crime of violence post-*Justin Taylor*.[121]

For these reasons, the Court finds that attempted bank robbery qualifies as a crime of violence under Fifth Circuit law. Under *Bellew*, a conviction for attempted bank robbery under the first paragraph of Section 2113(a) requires the government to prove the use, attempted use, or threatened use of force.[122] Therefore, attempted armed bank robbery under Section 2113(a) is still a crime of

---

[117] *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017); *see also United States v. Pervis*, 937 F.3d 546, 552–53 (5th Cir. 2019).

[118] *United States v. Taylor*, No. 19-10261, 2023 WL 4118572 (5th Cir. June 22, 2023), *cert. denied*, 144 S. Ct. 364 (2023).

[119] *Id.* at *1.

[120] *Id.* at *1–2 (citing *Bellew*, 369 F.3d at 454 ).

[121] *Id.* at *2.

[122] In the reply brief, Tuesno argues that no part of the jury instructions required the jury to find that Tuesno actually used, attempted to use, or threatened to use force with respect to the attempted armed robbery. This argument is unavailing. As an initial matter, Tuesno did not raise any claim regarding the validity of a jury instruction on direct appeal. *See Shaid*, 937 F.2d at 232. (A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."). Additionally, any alleged error in the jury instructions was harmless. "Erroneous jury instructions are harmless if a court, "after a 'thorough examination

violence under Section 924(c)(3)(A)'s elements clause and constitutes a valid predicate crime of violence for the purposes of Tuesno's conviction on Count 7.

## V. Conclusion

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." For the reasons stated above, the Court finds that the motion, files, and record of the case conclusively show that Tuesno is not entitled to relief. Accordingly, the Court finds that an evidentiary hearing is not warranted here.

**IT IS HEREBY ORDERED** that Defendant Bryson Tuesno's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[123] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this <u>29th</u> day of February, 2024.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

of the record,' is able to 'conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error.'" *United States v. Cessa*, 785 F.3d 165, 186 (5th Cir. 2015).

In this case, the record evidence showed that two armed men entered the Regions Bank with t-shirts wrapped around their heads and faces. Upon entering the bank, one of the men approached the security guard on duty, unsnapped the security guard's holster, and removed the security guard's firearm. Subsequently, the man pointed the firearm at a teller, yelling loudly, "Where the money at, where the money at." The second man attempted to open the door to gain access behind the teller counter area, but he was unsuccessful because the door was locked. Upon realizing they were not able to obtain any money, the men exited the bank. Bank personnel observed the men get into a silver Toyota Corolla and flee the parking lot. There is no question that the perpetrators committed an act of intimidation while attempting to take money from Regions Bank. On direct appeal, Tuesno challenged the sufficiency of the evidence establishing his identity as the second perpetrator. He did not argue that no intimidation occurred. The attempt related to the taking, not the intimidation. Therefore, assuming that the Court erred by failing to clarify to the jury that they must find an act of intimidation to prove attempted bank robbery, any such error was harmless.

[123] Rec. Doc. 404. Tuesno is represented by retained counsel in this proceeding.