UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                            NO. 16-175

BRYSON TUESNO                                     SECTION: "G"

## ORDER AND REASONS

Before the Court is Defendant Bryson Tuesno's ("Tuesno") Motion for Compassionate

Release Under 18 U.S.C. 3582(c)(1)(A).[1] In the motion, Tuesno asserts that the Court should grant

compassionate release and reduce his sentence based on his rehabilitation while incarcerated.[2]

Generally, a "court may not modify a term of imprisonment once it has been imposed."[3]

Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[4]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules
of Criminal Procedure"[5]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing
range.[6]

Tuesno moves the Court to reduce his sentence under Section 3582(c)(1)(A).[7] Motions to

---

[1] Rec. Doc. 464.

[2] *Id.*

[3] 18 U.S.C. § 3582(c)(1)(A).

[4] *Id.*

[5] *Id.* § 3582(c)(1)(B).

[6] *Id.* § 3582(c)(2).

[7] Rec. Doc. 464.

reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[8] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[9] In 2018, Congress passed and the President signed into law the First Step Act.[10] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[11]

Yet, before filing a compassionate release motion directly with a court, a prisoner must exhaust the administrative requirements under Section 3582(c)(1)(A).[12] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence only when either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.[13] Tuesno provides no argument or evidence to show that he has exhausted his administrative remedies.

Even assuming that the exhaustion requirement is satisfied, a district court may only reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[14] Section 1B1.13 of the United States Sentencing Guidelines is the

---

[8] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[9] *Id.*

[10] *See id.*

[11] *See id.*

[12] *See* 18 U.S.C. § 3582(c)(1)(A).

[13] *Id.*

[14] *Id.*

applicable policy statement. Section 1B1.13 defines the term "extraordinary and compelling reasons" to include certain medical circumstances of the defendant, the age of the defendant, family circumstances of the defendant, when the defendant was a victim of abuse, other reasons of similar gravity, and when the defendant received an unusually long sentence.[15] The Fifth Circuit defines the term "extraordinary" as "beyond or out of the common order," "remarkable," and synonymous with "singular."[16] The Fifth Circuit defines the term "compelling" as "to drive or urge with force, or irresistibly," "to force," and "to subjugate."[17] The defendant must show that he "face[s] some extraordinary severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner."[18]

Tuesno presents no evidence or argument of a compelling and extraordinary reason justifying his release.[19] In support of this motion, Tuesno cites significant rehabilitation efforts he has made while incarcerated. Although Tuesno's rehabilitation efforts while incarcerated are commendable, "[r]ehabilitation of a defendant is not an extraordinary and compelling reason standing alone . . . in determining whether relief is warranted."[20] Tuesno mentions the length of his sentence, but this is not an extraordinary and compelling reason to justify his release. United States Sentencing Guidelines, Section 1B1.13(b)(6) provides:

> Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive)

---

[15] U.S.S.G. § 1B1.13 (2024).

[16] *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023).

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 1859.

[20] *United States v. Cordoba*, No. 24-10599, 2025 WL 799354, at *1 (5th Cir. Mar. 13, 2025).

may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

In 2019, Tuesno was sentenced to serve 15 years and one day in prison. This is not the kind of "unusually long sentence" as is envisioned by the amendment to the Sentencing Guidelines as a basis for compassionate relief. Therefore, Tuesno has not demonstrated that compassionate release is warranted. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bryson Tuesno's Motion for Compassionate Release Under 18 U.S.C. 3582(c)(1)(A)[21] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  20th day of August, 2025.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[21] Rec. Doc. 464.